**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ALEESHA JOHNSON, as natural parent of JEREMIAH L. SCOTT, JR., a minor, and JAYLA-LYNN SCOTT, a minor,

      Plaintiffs,

v.

GRACE CLAYTON, individually and as adoptive parent of STACEY CLAYTON; STACEY CLAYTON, a minor, individually; FELICIA TUCKER, individually and in her official capacity; WILLIE STEWART, individually and in his official capacity; SUSAN ROTHSCHILD, individually and in her official capacity; NANCY MCLANE, individually and in her official capacity; CLARK COUNTY DEPARTMENT OF FAMILY SERVICES; COUNTY OF CLARK, a political subdivision of the State of Nevada; DOES I-X, individuals; and ROE CORPORATIONS I-X,

      Defendants.

2:08-cv-1810-RCJ-LRL

**ORDER**

Currently before the Court are Defendants Grace and Stacey Clayton's (collectively "Clayton Defendants") Motion for Summary Judgment (#79) and Plaintiffs' Motion to Remand (#82).

## BACKGROUND

In December 2008, Defendants Felicia Tucker, Susan Rothschild, Nancy Mclane, Clark County Department of Family Services, and County of Clark (collectively "County Defendants") filed a petition of removal to this Court based on federal question jurisdiction. (Pet. for Removal (#1) at 2-3). In support of the petition, County Defendants attached Plaintiffs' complaint filed

originally in the District Court of Clark County. (Compl. (#1) at 5). The complaint alleged that Plaintiffs sought compensation from all defendants for damages "sustained due to the sexual abuse of the minor children Jeremiah L. Scott, Jr., and Jayla-Lynn Scott, while in the custody, care, and control of the above named [d]efendants." (*Id.* at 6). Plaintiffs alleged the following causes of action: (1) violation of civil rights pursuant to 42 U.S.C. § 1983 against Tucker and Stewart; (2) violation of civil rights pursuant to 42 U.S.C. § 1983 against Rothschild, Clark County, and Mclane; (3) violation of civil rights pursuant to 42 U.S.C. § 1983 against Clark County; (4) negligence against Tucker, Stewart, Rothschild, Mclane, and Clark County; (5) negligence against Grace Clayton; (6) assault and battery by Stacey Clayton; (7) intentional infliction of emotional distress by Stacey Clayton; and (8) liability for willful acts of child against Stacey Clayton. (*Id.* at 9-16).

In March 2009, Plaintiffs voluntarily dismissed Willie Stewart, without prejudice, from the lawsuit. (Stewart Dismissal (#15) at 2). In April 2010, this Court granted the parties' stipulation and order of dismissal, with prejudice, as to the County Defendants. (*See* Order (#117)). The only remaining defendants in this case are Grace and Stacey Clayton.

## DISCUSSION

Pursuant to 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The district courts may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). The Ninth Circuit has held that a "dismissal on the merits is different from a dismissal on jurisdictional grounds. If the district court dismisses all federal claims on the merits, it has discretion under § 1367(c) to adjudicate the remaining claims; if the court dismisses for lack of subject matter jurisdiction, it has no discretion and must dismiss all claims." *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001).

Here, the Court lacks original jurisdiction over the claims in this case because all federal

jurisdiction claims against the County Defendants have been dismissed pursuant to a settlement agreement. (*See* Order (#117) at 2). Because this Court lacks federal question jurisdiction, and diversity jurisdiction never existed, the Court finds that it lacks subject-matter jurisdiction over the four remaining state-law claims against the Clayton Defendants. Accordingly, the Court dismisses the Clayton Defendants' Motion for Summary Judgment (#79) for lack of subject-matter jurisdiction and grants Plaintiffs' Motion to Remand (#82) the case back to state court for adjudication of the remaining state-law claims against the Clayton Defendants. Alternatively, the Court finds that, even if it had the discretion to retain jurisdiction over the state-law claims pursuant to § 1367(c), the Court declines to exercise that discretion.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Motion for Summary Judgment (#79) is DISMISSED for lack of subject-matter jurisdiction.

IT IS FURTHER ORDERED that the Motion to Remand (#82) this case back to state court is GRANTED.

DATED: This 11th day of May, 2011.

_____
United States District Judge

3